## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on April 11, 2024

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Grand Jury Original** |
| v. | : | **Criminal No.** |
| **JARETT ROBERT LEWIS,** | : | **VIOLATIONS:** |
| Defendant. | : | **18 U.S.C. §§ 1343, 2 (Wire Fraud)** |
| | : | **FORFEITURE ALLEGATION:** |
| | : | **18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c); and 21 U.S.C. § 853(p)** |

### INDICTMENT

The Grand Jury charges that, on or about the times and dates stated herein:

### Introduction

At all times material to this Indictment, except as otherwise indicated:

1. Victim 1 was a non-profit organization established under the law of the District of Columbia with the stated mission of seeking reforms to the judicial system in the United States. Victim 1 had employees in the District of Columbia and maintained its headquarters office in the District of Columbia.

2. Defendant Jarett Robert Lewis ("LEWIS") was an employee of Victim 1 from June of 2021, until October 28, 2022. LEWIS worked as the Director of Finance. LEWIS, like other employees at Victim 1, worked remotely from his residence located in the District of Columbia.

3. As Director of Finance, LEWIS was responsible for the preparation of spreadsheets, payment of invoices, preparation of financial information for upper-level management,

maintenance of Google drive sheets, and acquisition of accounting software to be used by LEWIS. LEWIS met with the senior leadership on a weekly basis to discuss the finances of Victim 1. In addition, LEWIS regularly communicated with the Chief Executive Officer about work that needed to be done by LEWIS.

4. As Director of Finance, LEWIS was also responsible for preparing electronic payments to various vendors, who provided supplies and services to Victim 1. LEWIS had access to Victim 1's bank account at Amalgamated Bank in New York, and he would use this access to make disbursements on behalf of Victim 1 to the vendors.

5. LEWIS' job responsibilities did not include making payroll disbursements for Victim 1. Victim 1's payroll obligations were handled by an outside contractor, TRINET.

6. Victim 1's employees were paid twice per month through TRINET's payroll processing system. TRINET used computers to transmit salary payments into the bank accounts of Victim 1 employees as designated by the employee. LEWIS' salary was deposited by TRINET into an account owned by LEWIS at J.P. Morgan Chase Bank ("JPMC") that had an account number ending with 0860 ("ACCOUNT 0860"). LEWIS also owned and maintained another and separate account at JPMC that had an account number ending with 8988 ("ACCOUNT 8988").

7. LEWIS had exclusive control over ACCOUNT 0860 and ACCOUNT 8988.

## COUNTS ONE THROUGH NINE
### (Wire Fraud)

8. Paragraph Nos. 1 through 7 are incorporated herein.

9. Beginning in October 2021 and continuing to October 13, 2022, in the District of Columbia and elsewhere, the defendant,

**JARETT ROBERT LEWIS,**

devised and intended to devise a scheme to defraud his employer, Victim 1, and to obtain money and property from Victim 1 by means of materially false and fraudulent pretenses, representations and promises, which misappropriation of funds is more fully described below.

### Purpose of the Scheme to Defraud

10. It was a purpose of the scheme to defraud for LEWIS to enrich himself by stealing money from Victim 1.

### Manner and Means

It was part of the scheme to defraud that:

11. On thirty-five occasions between October 2021 and October 13, 2022, LEWIS used his position as Director of Finance at Victim 1 to direct funds owned by and belonging to Victim 1 – and to which LEWIS was not entitled nor authorized to receive – to be deposited into ACCOUNT 8988, for a total of at least $309,950. LEWIS then transferred the funds into ACCOUNT 0860. In notes associated with thirty-five of these transfers, LEWIS falsely and fraudulently designated the "Payee" as "Digital," as though the payments were going to a vendor providing Victim 1 with digital services, when in fact, the funds were going into LEWIS' personal bank account for his own enrichment.

| Date | Payor | Payee | Payment | Trace |
|---|---|---|---|---|
| 10/8/2021 | Victim 1 | Digital | $7,032.00 | 6209194 |
| 10/14/2021 | Victim 1 | Digital | $6,329.55 | 4983704 |
| 10/27/2021 | Victim 1 | Digital | $4,764.44 | 4308187 |
| 11/5/2021 | Victim 1 | Digital | $3,400.00 | 9555626 |
| 11/18/2021 | Victim 1 | Digital | $5,329.44 | 4788036 |
| 12/8/2021 | Victim 1 | Digital | $4,874.67 | 4595673 |
| 12/17/2021 | Victim 1 | Digital | $4,659.32 | 1830499 |
| 12/24/2021 | Victim 1 | Digital | $4,865.44 | 4034727 |
| 1/7/2022 | Victim 1 | Digital | $4,876.55 | 2815322 |
| 1/20/2022 | Victim 1 | Digital | $4,895.23 | 5145468 |
| 1/31/2022 | Victim 1 | Digital | $9,798.69 | 5644241 |
| 2/10/2022 | Victim 1 | Digital | $9,000.00 | 6077458 |

| Date | Payer | Payee | Amount | Check # |
|---|---|---|---|---|
| 2/28/2022 | Victim 1 | Digital | $8,000.00 | 1008046 |
| 3/4/2022 | Victim 1 | Digital | $9,000.00 | 4344931 |
| 3/15/2022 | Victim 1 | Digital | $9,000.00 | 3954215 |
| 3/23/2022 | Victim 1 | Digital | $9,000.00 | 2719079 |
| 3/29/2022 | Victim 1 | Digital | $8,500.00 | 0889890 |
| 4/13/2022 | Victim 1 | Digital | $9,675.55 | 1000338 |
| 4/27/2022 | Victim 1 | Digital | $9,750.00 | 6002481 |
| 5/9/2022 | Victim 1 | Digital | $9,500.00 | 3002002 |
| 5/18/2022 | Victim 1 | Digital | $4,800.00 | 3413299 |
| 6/2/2022 | Victim 1 | Digital | $9,700.00 | 5772000 |
| 6/8/2022 | Victim 1 | Digital | $5,700.00 | 5628456 |
| 6/15/2022 | Victim 1 | Digital | $9,800.00 | 0450854 |
| 6/24/2022 | Victim 1 | Digital | $9,000.00 | 3511255 |
| 7/5/2022 | Victim 1 | Digital | $12,000.00 | 1355471 |
| 7/18/2022 | Victim 1 | Digital | $15,000.00 | 2700724 |
| 8/3/2022 | Victim 1 | Digital | $15,000.00 | 4820413 |
| 8/9/2022 | Victim 1 | Digital | $15,000.00 | 7027098 |
| 8/31/2022 | Victim 1 | Digital | $7,000.00 | 8889651 |
| 9/2/2022 | Victim 1 | Digital | $15,000.00 | 3485961 |
| 9/15/2022 | Victim 1 | Digital | $15,000.00 | 5498587 |
| 9/29/2022 | Victim 1 | Digital | $15,000.00 | 6229534 |
| 10/6/2022 | Victim 1 | Digital | $4,700.00 | 5434430 |
| 10/13/2022 | Victim 1 | Digital | $15,000.00 | 8627633 |
| | **Total** | | **$309,950.88** | |

12. LEWIS made material misrepresentations to disguise the true nature of the financial transfers from Victim 1 to his personal bank account by, among other manner and means:

(a) lying to his employer;

(b) preparing inaccurate balance sheets to be reviewed by upper management at Victim 1;

(c) disguising these unauthorized payments by falsely and fraudulently entering the "Payee" as a vendor identified as "Digital";

4

(d) causing these funds to be deposited into ACCOUNT 8988 (a separate account from the one receiving his regular payroll deposits); and

(d) altering the information in the Amalgamated Bank system and Victim 1 records for thirty-three of these fraudulent payments to falsely indicate that they had been authorized by "accounting."

13. In addition, on eleven occasions between February 2, 2022, and December 8, 2022, LEWIS used a credit card issued by VISA to Victim 1, to purchase airline tickets for travel that was unrelated to any legitimate purpose for or on behalf of Victim 1 and thus obtained funds and services which LEWIS was not entitled nor authorized to receive, but under the false and fraudulent pretense that he was so entitled and authorized to so use the credit card. LEWIS' job responsibilities did not include traveling on behalf of Victim 1. These purchases on Victim 1's VISA were for LEWIS's own personal travel, including himself and his friends and family.

| Date | Carrier | Amount |
|---|---|---|
| 6/28/2022 | Delta | $460.00 |
| 2/2/2022 | Southwest | $1,635.84 |
| 6/10/2022 | American | $1,805.26 |
| 8/16/2022 | American | $180.26 |
| 12/7/2022 | Delta | $3,625.14 |
| 12/5/2022 | Delta | $168.60 |
| 7/16/2022 | American | $979.20 |
| 9/27/2022 | Delta | $577.20 |
| 12/8/2022 | Delta | $417.20 |
| 12/8/2022 | Delta | $524.20 |
| 12/8/2022 | Delta | $734.20 |
|  |  |  |
|  | Total | $11,107.10 |

**Acts in Furtherance of the Scheme to Defraud**

14. Between October 2021 and October 13, 2022, LEWIS caused thirty-five disbursements to be made from Victim 1's bank account to be deposited in ACCOUNT 8988.

15. Between October 2021 and October 13, 2022, LEWIS made false and fraudulent entries into Victim 1's bank records to cover up his scheme to defraud Victim 1.

16. Between October 2021 and October 13, 2022, LEWIS made false and fraudulent entries in Victim's financial records to spread the thirty-five fraudulent disbursements across legitimate disbursements.

## Execution of the Scheme
## COUNTS ONE THROUGH EIGHT

17. On the dates set forth below, in the District of Columbia and elsewhere, LEWIS, for the purpose of executing and attempting to execute the aforementioned scheme to defraud, did transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds; that is, LEWIS, from his home in the District of Columbia, connected to the Amalgamated Bank online computer website and application, which was hosted on servers located in the United States outside the District of Columbia, and initiated the following financial transfers from the Victim 1 account to his own personal bank account:

| Count | Date (Approx.) | Description |
|---|---|---|
| ONE | October 8, 2021 | $7,032.00 deposited into LEWIS' ACCOUNT 8988 |
| TWO | October 14, 2021 | $6,329.55 deposited into LEWIS' ACCOUNT 8988 |
| THREE | October 27, 2021 | $4,764.44 deposited into LEWIS' ACCOUNT 8988 |
| FOUR | February 10, 2022 | $9,000.00 deposited into LEWIS' ACCOUNT 8988 |
| FIVE | September 15, 2022 | $15,000.00 deposited into LEWIS' ACCOUNT 8988 |
| SIX | September 29, 2022 | $15,000.00 deposited into LEWIS' ACCOUNT 8988 |
| SEVEN | October 6, 2022 | $4,700.00 deposited into LEWIS' ACCOUNT 8988 |

| EIGHT | October 13, 2022 | $15,000.00 deposited into LEWIS' ACCOUNT 8988 |

## COUNT NINE

18. On or about June 23, 2022, in the District of Columbia and elsewhere, LEWIS, for the purpose of executing and attempting to execute the aforementioned scheme to defraud, did transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds; that is LEWIS used the VISA card issued to Victim 1 to purchase airline tickets from Delta Airlines in the amount of $3,625.14 for personal travel to Thailand. The travel was not for a legitimate business purpose of Victim 1 and it was not an authorized expenditure.

**(Wire Fraud and Aiding and Abetting and Causing an Act to be Done, in violation of Title 18, United States Code, Sections 1343, 2)**

## FORFEITURE ALLEGATION

Upon conviction of any of the offenses alleged in Counts One through Nine of this Indictment, the defendant shall forfeit to the United States any property, real or personal, constituting or derived from proceeds the defendant obtained as the result of these offenses, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). The United States will also seek a forfeiture money judgment against the defendant in the amount of at least $253,010.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant,

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p))**

A TRUE BILL

FOREPERSON

*[signature: Matthew M. Graves/jph]*

ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA